UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.                                                                    **Criminal No. 2:14cr178**

**TRAVIS TRAVEL SCOTT,**

    **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Defendant Travis Travel Scott's ("Defendant") motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 167. Additionally, Defendant has filed a motion for appointment of counsel. ECF No. 181. The Court has fully considered the arguments set forth in the parties' briefs and has determined it is not necessary to hold a hearing on the motions. For the reasons discussed below, Defendant's motion for a reduction in sentence and motion for appointment of counsel are **DENIED**.

### I. BACKGROUND

In January of 2015, Defendant pled guilty to two counts of an eight-count indictment. ECF No. 44. Specifically, Defendant pled guilty to Count Two: Possessing and Concealing Stolen Firearms, in violation of 18 U.S.C. § 922(j), and Count Three: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 21. Defendant was ultimately sentenced to

a total of 210 months' imprisonment, consisting of 105 months on Count Two and 105 months on Count Three to be served consecutively. ECF No. 89.

Defendant filed his first motion for compassionate release pro se on February 16, 2021. ECF No. 121. Defendant filed his second motion for compassionate release on April 5, 2021, this time through appointed counsel. ECF No. 125. Another judge of this Court dismissed Defendant's first motion for compassionate release as moot and denied his second motion for compassionate release on the merits. ECF No. 149. Then, on October 10, 2024, Defendant filed the instant motion for compassionate release. ECF No. 167. The Government filed a response in opposition, ECF No. 176, and Defendant failed to submit a timely reply, but did submit a motion for appointment of counsel, ECF No. 181.

## II. LEGAL STANDARD

A sentencing court generally lacks the authority to "modify a term of imprisonment once it has been imposed." United States v. Davis, 99 F.4th 647, 653 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). The compassionate release statute is a limited exception to this default position, providing the Court with discretionary authority to reduce a federal inmate's sentence if "extraordinary and compelling reasons warrant such a reduction." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

2

Section 3582(c)(1)(A) does not define "extraordinary and compelling," but relies instead on a cross-reference to "policy statements" issued by the United States Sentencing Commission. See United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021). In 2023, the Sentencing Commission issued an amended policy statement setting forth a non-exhaustive list of circumstances which may individually or in combination create extraordinary and compelling reasons for a sentence reduction. See U.S.S.G. § 1B1.13. In certain circumstances, unusually long sentences can qualify as an extraordinary and compelling reason to justify a sentence reduction, as can "other reasons." Id. The pertinent part of the Guideline policy statement provides:

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> (b) Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>   (1) Medical Circumstances of the Defendant . . .
>
>   (2) Age of the Defendant . . .
>
>   (3) Family Circumstances of the Defendant . . .
>
>   (4) Victim of Abuse [while in custody] . . .
>
>   (5) Other Reasons — The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

3

> (6) <u>Unusually Long Sentence</u> — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).[1]

Unlike the factors listed in § 1B1.13(b) that can constitute an extraordinary and compelling reason for a sentence reduction, rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13(d). However, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." <u>Id.</u>

A defendant seeking compassionate release bears the burden of demonstrating "extraordinary and compelling" circumstances. <u>United States v. Melvin</u>, No. 23-6011, 2023 WL 5974872, at *2 (4th Cir. Sept. 14, 2023). If a defendant meets their burden and establishes that extraordinary and compelling circumstances exist, the Court must then consider the statutory sentencing factors set

---

[1] This standard was not in force when Defendant filed his first two compassionate release motions in 2021.

forth in 18 U.S.C. § 3553(a) to determine how much of a reduction (if any) is appropriate. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). While some of the § 3553(a) factors may also be relevant to the extraordinary and compelling inquiry, the Court "must conduct a two-step analysis" before granting relief. United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024).

### III. DISCUSSION: MOTION FOR COMPASSIONATE RELEASE

Defendant advances four arguments in support of his motion for compassionate release: (1) his sentence is unusually long and grossly disproportionate to the sentence he would receive today due to three changes in the law; (2) he was subjected to "double counting" relating to his firearm offenses; (3) his young age at the time he committed these offenses warrants leniency; and (4) he has been sufficiently rehabilitated.

#### A. Unusually Long Sentence

As determined by the Sentencing Commission, an "unusually long sentence" can be an extraordinary and compelling circumstance justifying compassionate release. U.S.S.G. § 1B1.13(b)(6). A defendant is eligible for a sentence reduction under § 1B1.13(b)(6) if they are able to demonstrate all of the following: "(1) the defendant received an 'unusually long sentence;'[2] (2) a change in

---

[2] While the Fourth Circuit has not explicitly defined what constitutes an unusually long sentence, other courts have found that a sentence is unusually long when it is significantly higher than the Guideline range at sentencing, United States v. Wrice, 4:10cr40065, 2024 WL 3534856, at *17-18 (S.D. Ill. July 25, 2024), or when, based on data from the Sentencing Commission, the

5

the law has produced a 'gross disparity between the sentence being served and the sentence likely to be imposed' at the time of the motion's filing; (3) the defendant has 'served at least ten years of the term of imprisonment;'[3] and (4) 'full consideration of the defendant's individualized circumstances' support a finding of extraordinary and compelling circumstances." United States v. Cruse, No. 3:12cr146, 2024 WL 3257142, at *3 (W.D.N.C. July 1, 2024) (quoting U.S.S.G. § 1B1.13(b)(6)). Here, Defendant alleges that the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), Amendment 821 to the Sentencing Guidelines, and the passage of Virginia House Bill 2113 were all changes in law that created a "gross disparity" between the sentence he is currently serving and the one he would likely receive today.

### 1. New York State Rifle & Pistol Association v. Bruen

Defendant challenges the validity of his § 922(g)(1) conviction by asserting that Bruen is a change in law that caused

---

sentence is substantially longer than the mean and median sentences, United States v. Allen, 717 F. Supp. 3d 1308, 1317 (N.D. Ga. 2024). Here, because Defendant's sentence disparity claim fails on other grounds, it is unnecessary for the Court to determine whether his sentence is "unusually long."

[3] The Court notes that at the time Defendant filed the instant motion for compassionate release, he had not yet met the § 1B1.13(b)(6) requirement of having served at least 10 years of the term of imprisonment. See ECF No. 29. In the time between when Defendant filed his motion and this Court's review of that motion, Defendant's time in prison has surpassed 10 years. However, because Defendant's claim fails to meet other § 1B1.13(b)(6) requirements, as later explained, it is unnecessary for the Court to squarely address whether the 10-year requirement is satisfied.

6

a sentencing disparity. This argument, however, is procedurally improper. To begin, a defendant cannot challenge the validity of a conviction or sentence in a compassionate release motion. Davis, 99 F.4th at 656 (citing United States v. Ferguson, 55 F.4th 262, 269-72 (4th Cir. 2022)). Rather, after the conclusion of the period for direct appeal, the "exclusive remedy" for challenging a federal conviction or sentence is a 28 U.S.C. § 2255 habeas motion. Ferguson, 55 F.4th at 270. As the Second Circuit recently noted, "[i]f Congress had intended to permit defendants to circumvent the strictures of 28 U.S.C. § 2255 by making challenges to the validity of a conviction cognizable on a compassionate-release motion, it surely would have said so." United States v. Fernandez, 104 F.4th 420, 430 (2d Cir. 2024). As such, "[i]nsisting that defendants use the correct process to challenge their convictions and sentences is not empty formalism." United States v. Sanchez, 891 F.3d 535, 539 (4th Cir. 2018).

The correct process for Defendant to challenge the validity of his sentence is a § 2255 motion. It does not matter that Defendant titled his motion as one for compassionate release, for "no matter how an inmate characterizes his request for relief, the substance of that request controls." Ferguson, 55 F.4th at 270. Defendant's Bruen claim, therefore, is "subject to the rules set forth in § 2255." Id. Habeas petitions have strict timeliness requirements and limits against successive petitions. See 28

7

U.S.C. § 2255. As a result of these stringent requirements, if Defendant were to raise this Bruen claim in a § 2255 petition today it would be a both a second successive motion[4] and untimely,[5] and as such, procedurally barred. The fact that Defendant is "procedurally barred from raising [t]his argument in a successive § 2255 petition does not qualify as an 'extraordinary and compelling reason' for compassionate release." Id. Because Defendant should not be allowed to "evade [the] collateral review structure of section 2255," this claim is **DISMISSED**. Fernandez, 104 F.4th at 430.

Alternatively, if Defendant's Bruen argument were procedurally proper, it would still fail. To the extent that Defendant contends that Bruen changed the law by making § 922(g) facially unconstitutional, it is well-established that such a facial claim fails as a matter of law. See United States v. Canada, 123 F.4th 159, 161 (4th Cir. 2024) ("No federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first."). To the extent that Defendant advances a narrower "as-applied" challenge asserting that Bruen made it unconstitutional to prohibit him, or

---

[4] Defendant filed a § 2255 motion in 2016, ECF No. 97, which was denied by another judge of this Court, ECF No. 105.

[5] See 28 U.S.C. § 2255(f) (explaining the one-year "period of limitation" to file habeas motions).

8

alternatively a class of non-violent felons, from possessing a firearm, this claim similarly fails based on controlling Fourth Circuit precedent. See United States v. Hunt, 123 F.4th 697, 708 (4th Cir. 2024) (concluding that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)" because it is constitutional as applied to all felons regardless of the nature of their prior felony), cert. denied, No. 24-6818, 2025 WL 1549804, at *1 (June 2, 2025). Accordingly, because Defendant's Bruen argument is wholly without merit, it is alternatively **DENIED**.

## 2. Amendment 821

Defendant's compassionate release motion briefly references retroactive Guideline Amendment 821; a change to the Sentencing Guidelines that took effect in 2023.[6] ECF No. 167, at 5. Prior to Amendment 821, defendants who had six or more criminal history points based on their prior state or federal convictions were assessed two additional criminal history points, or "status points," if they committed their federal offense while they were "under a criminal justice sentence," which includes "probation, parole, supervised release, imprisonment, work release, or escape

---

[6] Generally, Amendment 821 claims are best presented through a motion under 18 U.S.C. § 3582(c)(2) (retroactive Guideline motion), rather than under 18 U.S.C. § 3582(c)(1)(A) (compassionate release motion). But accepting that it remains appropriate to consider Amendment 821's impact on Defendant's advisory Guideline range in the context of a compassionate release motion, Defendant's claim fails for the reasons explained herein.

9

status." U.S.S.G. § 4A1.1(e) (2022). These additional points were then factored into the overall criminal history category calculation. Id. Amendment 821, however, eliminated the addition of these two "status points" for defendants who were attributed six or less criminal history points based on their prior convictions. U.S.S.G. § 4A1.1(e) (2023); see United States v. Santiago, No. 4:17cr17, 2025 WL 842807, at *4 (E.D. Va. Mar. 18, 2025).

Here, Defendant appears to be arguing that Amendment 821 is a change in law that caused a gross disparity in his sentence under § 1B1.13(b)(6). When Defendant was originally sentenced, he was attributed with two criminal history points relating to his prior convictions and two additional "status points" for committing the instant offense while on probation. ECF No. 93 ¶¶ 56-57. Accordingly, Defendant's total criminal history score was four, which corresponded to a Criminal History Category of III, with a resulting Guideline range of 292 to 365 months imprisonment. Id. ¶¶ 58, 80. However, Defendant's final Guideline range was restricted to 240 months' imprisonment because of the combined statutory maximum penalties for his two federal convictions. Id. ¶ 80. Ultimately, Defendant was sentenced to 210 months, a variance well below the 240-month restricted advisory Guideline range. ECF No. 89.

If Defendant were sentenced today with the benefit of Amendment 821, he would likely still have two criminal history points based on prior convictions,[7] but Defendant would not be attributed with any status points for committing his federal crimes while on probation. As such, Defendant would be a Criminal History Category II with a preliminary Guideline range of 262-327 months' imprisonment. See U.S.S.G. Ch. 5 Pt. A. However, Defendant's Guideline range would again be restricted by the 240-month statutory maximum, resulting again in a final restricted Guideline range of 240 months' imprisonment. ECF No. 93 ¶ 80. In other words, Defendant's final Guideline range would be the same even if it were recalculated with the benefit of Amendment 821. When a defendant was previously sentenced to a term of imprisonment that falls within the same guideline range they would be subjected to today for the same conduct, "there is [typically] no gross disparity. . . to mitigate." United States v. Cohen, No. CR GLR-14-310, 2023 WL 8188386, at *4 (D. Md. Nov. 27, 2023), aff'd, No. 23-7294, 2024 WL 5166615 (4th Cir. Dec. 19, 2024). As such, because Defendant fails to establish gross disparity, relief under § 1B1.13(b)(6) is **DENIED**.

---

[7] The discussion beginning on the next page addresses Defendant's challenge to the points attributed based on his prior convictions.

### 3. Expungement of State Marijuana Charge

Defendant's final argument that relies on recent changes in law focuses on Virginia House Bill 2113 (the "Clean Slate Law"). ECF No. 167, at 5. Defendant alleges that after this Virginia legislation was passed, his state marijuana charge should be expunged from his record and not counted in the calculation of his Guideline Criminal History Category. Id. Consequently, Defendant alleges that a gross disparity exists due to his elevated advisory Guideline range. Id.

To begin, while the Clean Slate Law has been enacted by the Virginia legislature and signed by the Governor, it does not go into effect until 2026. Va. Code § 19.2-392.5 to 19.2-392.17. As such, because this legislation has not yet gone into effect, this claim is not yet ripe, and therefore, **DISMISSED**.

Even if the Clean Slate Law were in effect today, Defendant's expungement argument still fails. The Clean Slate Law does not deal with expungement; rather, it "[e]stablishes a process for the automatic sealing of police and court records, defined in the bill, for certain convictions . . . ." Virginia's Legislative Information System, HB 2113 Criminal records; sealing of records, Sealing Fee Fund created, penalties, report, https://legacylis. virginia.gov/cgibin/legp604.exe?212+sum+HB2113 (last visited Jul. 17, 2025). Sealing does not equate to expungement. The Clean Slate Law simply prevents the public, including employers, from

being privy to the fact that someone was convicted of certain criminal offenses. Id. Because Defendant was found guilty and convicted of the marijuana offense that he is challenging, even if the Clean Slate Law was in effect, Defendant would still be attributed with one criminal history point for the marijuana charge and that point would count toward his criminal history calculation. ECF No. 93 ¶ 52. Defendant fails to establish a gross disparity, meaning that his § 1B1.13(b)(6) argument that he is entitled to a sentence reduction based on "expungement" of his marijuana offense is alternatively **DENIED**.[8]

### B. "Other Reasons"

Factors other than those expressly listed in the Sentencing Guidelines can constitute an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(5). To qualify under this catchall provision, the "other reasons" must, either by themselves or in combination with the circumstances enumerated in § 1B1.13(b)(1)-(4), be of a similar gravity as those already described as "extraordinary and compelling" in the Guidelines policy statement. Id.

---

[8] Additionally, similar to the Guideline analysis in the preceding section, even if Defendant could successfully challenge his marijuana conviction, his final Guideline range would be 235 to 240 months' imprisonment, a very small change that does not result in a "gross disparity."

### 1. "Double Counting"

One of the "other reasons" Defendant argues is of a similar gravity to the circumstances enumerated in § 1B1.13(b)(1)-(4), is that he was subjected to "double counting" at sentencing. Defendant highlights that he received a two-level enhancement to his base offense level because the firearms that formed the basis for his conviction were stolen. ECF No. 167, at 5. Defendant argues that because he was convicted of possessing and concealing stolen firearms as well, his total offense level improperly considered the fact that the firearms were stolen twice. Id. Defendant argues that the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) should be removed, lowering his advisory Guideline range. Id.[9]

Section 2K2.1 of the Sentencing Guidelines outlines the base offense levels for crimes involving the unlawful receipt, possession, or transportation of firearms or ammunition as well as prohibited transactions involving firearms or ammunition. U.S.S.G. § 2K2.1. Based on the specifics of the crime, different base offense levels and enhancements may apply. Id. The enhancement in § 2K2.1(b)(4)(A) provides for a two-level increase

---

[9] Defendant seems to mistakenly argue in his motion for compassionate release that the two-level enhancement that was "double-counted" should be removed from his Criminal History Category calculation. ECF No. 167, at 5. However, because the enhancement Defendant references affects his offense level and not his Criminal History Category, the Court interprets the challenge as disputing his offense level calculation.

14

to the base offenses level if any firearm involved in the underlying conviction was stolen. Application Note 8 to § 2K2.1(b)(4)(A) places limitations on when this enhancement may be applied based on whether the base offense level already accounted for the fact that the firearms were stolen. Specifically, this two-level enhancement <u>does not apply</u> if: (1) the only offense to which this enhancement applies is 18 U.S.C. § 922(i), (j), (u), or 18 U.S.C. § 924(l) or (m); <u>and</u> (2) the base offense level is determined under § 2K2.1(a)(7). U.S.S.G. § 2K2.1(b)(4)(A) App. Note 8.

Against this backdrop, Defendant's "double counting" argument fails for two reasons. First, Defendant's § 922(j) offense was not "the only offense" to which the disputed enhancement applied; it also applied to Defendant's § 922(g)(1) offense. ECF No. 93, at 15. So, although Defendant's base offense level for his § 922(j) violation accounted for the fact that the firearm underlying that conviction was stolen, the base offense level for the § 922(g)(1) violation does not. As such, the § 2K2.1(a)(4)(B) enhancement was appropriately applied to Defendant's violation of § 922(g)(1). Second, Defendant's base offense level was not determined under § 2K2.1(a)(7), rather it was determined under § 2K2.1(a)(4)(B). <u>Id.</u> Consequently, because Defendant does not meet either of Application Note 8's requirements, Defendant's base offense and Guideline range would be the same were Defendant

15

sentenced today. Accordingly, Defendant's "double counting" argument is not an extraordinary and compelling "other" reason to support a sentence reduction, and his request for relief is therefore **DENIED**.

### 2. Defendant's Age

Defendant argues next that his relative youth at the time he committed the federal offenses (21 years old) constitutes an "other" reason of similar gravity as those listed in the policy statement. ECF No. 167, at 6. Specifically, Defendant relies on the Sentencing Commission's amendment to its Policy Statement on Age, § 5H1.1, to support this proposition. Id. Section 5H1.1 recognizes recent advances in developmental science and the justice system's evolved understanding of such developments. More specifically, in the updated version of § 5H1.1, the Sentencing Commission recognizes that certain factors affect youthful individuals' development and contribute to their involvement in the criminal justice system up until their mid-twenties. U.S.S.G. § 5H1.1. These factors include "environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." Id.

Amendments to the Sentencing Guidelines that have not been made retroactive, like § 5H1.1, generally cannot form the basis for an extraordinary and compelling circumstance. Section 1B1.13(c) to the Guidelines explicitly states that any amendments

16

to the Guidelines manual that have not been made retroactive "shall not be considered for [such] purposes. . ." U.S.S.G. § 5H1.1. Due to Defendant's failure to otherwise present an extraordinary and compelling circumstance, Defendant's argument based on § 5H1.1 is **DENIED**.[10]

### 3. Defendant's Post-Sentencing Rehabilitation

Rehabilitation is permissibly considered in conjunction with other factors when determining whether there is an extraordinary and compelling basis for relief, though it is not a stand-alone basis for relief. U.S.S.G. § 1B1.13(d). Defendant argues that since he has received his GED and completed numerous other programs while incarcerated, he has been sufficiently rehabilitated and deserves a sentence reduction. ECF No. 167, at 6.

To be sure, the Court commends Defendant's completion of educational courses and other programming during his period of incarceration. However, to the extent that Defendant asks this Court to consider his rehabilitative efforts at the threshold extraordinary and compelling level, the Court finds that

---

[10] Even if considered without reference to § 5H1.1, Defendant's age-related arguments still fail. Importantly, "nowhere does the caselaw indicate that youth alone is a sufficient basis for a sentence reduction absent some other factor that could, on its own, constitute an 'extraordinary and compelling' reason for relief." United States v. Rucker, No. 3:09cr28, 2022 WL 1184670, at *3 (W.D. Va. Apr. 21, 2022). Because the Sentencing Commission's "amended policy statement does not address youth [alone] as an extraordinary and compelling reason," and Defendant fails to establish that any of the circumstances enumerated in § 1B1.13(b)(1)-(4) apply to his situation, Defendant's age, which was already considered by the sentencing judge, is not an extraordinary and compelling circumstance supporting relief. United States v. McCullers, 704 F. Supp. 3d 659 (E.D. Va. 2023).

17

Defendant's record while incarcerated does not materially improve his arguments in support of an extraordinary and compelling finding.[11] Stated another way, this Court finds that because Defendant fails to establish, or come close to establishing, any extraordinary and compelling circumstances enumerated in § 1B1.13(b)(1)-(6), Defendant's rehabilitation, when coupled with these claims, does not give rise to an extraordinary and compelling circumstance, and relief on this basis is therefore **DENIED**.[12]

### IV. DISCUSSION: MOTION TO APPOINT COUNSEL

Defendant is **ADVISED** that no general right to the appointment of counsel exists for post-conviction proceedings occurring after a conviction and sentence become final. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). While "in some exceptional" post-conviction scenarios appointment of counsel is necessary, United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000), here, Defendant has not demonstrated that the interests of justice require the appointment of counsel prior to the

---

[11] As another judge of this Court has recognized, "'[p]risoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves.'" United States v. Locust, 591 F. Supp. 3d 12, 25 (E.D. Va. 2022) (quoting United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021)). Here, Defendant reports earning his GED and completing various coursework, but he does not provide any evidence outlining an extraordinary effort toward rehabilitation.

[12] A sentence reduction is appropriate under § 3582(c)(1)(A) only if a defendant both establishes an extraordinary and compelling circumstance and demonstrates that the § 3553(a) statutory sentencing factors support such a sentence reduction. Here, because Defendant's motion fails at the threshold step, the Court does not address the § 3553(a) factors.

resolution of his compassionate release motion. Defendant's motion seeking counsel is only one sentence long and provides no explanation as to why appointment of counsel is necessary. ECF No. 181. Defendant's motion for the appointment of counsel is therefore **DENIED**.

## V. CONCLUSION

For the reasons explained above, Defendant's compassionate release motion is **DENIED**. ECF No. 167. Similarly, Defendant's motion for the appointment of counsel is also **DENIED**. ECF No. 181. The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Defendant and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 22, 2025